EXHIBIT "A"

**IN THE COURT OF COMMON PLEAS OF
MONROE COUNTY, PENNSYLVANIA**

A.S., a minor under the age of 18 years by her
mother and nautural guardian, Kabari Salem

      Plaintiff

v.

Great Wolf Lodge of the Poconos, LLC

      Defendant.

<u>NOTICE</u>

    You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR

TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN

GET LEGAL HELP.

> Monroe County Bar Association Lawyer Referral Service
> 913 Main Street
> P.O. Box 786
> Stroudsburg, Pennsylvania 18360
> (570) 424-7288

> CELLINO & BARNES, P.C.
>
> By: John E. Lavelle, Esq.
> PA Bar I.D.: 315154
> Attorneys for Plaintiff
> 600 Old Country Road, Suite 412
> Garden City, New York 11530
> (800) 888-8888 x538

2

Cellino & Barnes, P.C.
John E. Lavelle, Esq.
PA Bar I.D. No.: 315154
600 Old Country Road, Suite 412
Garden City, New York 11530
Phone: (800) 888-8888 ext. 535
Fax: (877) 227-8020
John.Lavelle@cellinoandbarnes.com                    Attorneys for Plaintiff

### IN THE COURT OF COMMON PLEAS OF
### MONROE COUNTY, PENNSYLVANIA

A.S., a minor under the age of 18 years by her          :
mother and natural guardian, FATMA SALEM               :
289 Deal Court                                         :
Staten Island, NY 10305                                : Docket No: 3249-CV-2020
                                                       :
                    **Plaintiff**                      :
                                                       :
        vs.                                            :
                                                       : Not an Arbitration Case
GREAT WOLF LODGE OF THE POCONOS, LLC                   :
One Great Wolf Drive                                   :
Scotrun, PA 18355                                      :
                                                       : Plaintiff Requests a Jury of 12
                    **Defendant**                      :
                                                       :

### AMENDED COMPLAINT IN CIVIL ACTION

AND NOW comes plaintiff A.S., a minor under the age of 18 years, by her

mother and natural guardian, FATMA SALEM, by her counsel John E. Lavelle of Cellino

& Barnes, P.C., 600 Old Country Road, Suite 412, Garden City, New York 11530, and

files this amended complaint against defendant, GREAT WOLF LODGE OF THE

POCONOS, LLC, and upon information and belief alleges as follows:

1.      Plaintiff A.S. is a minor residing with mother and natural guardian, FATMA

SALEM, at the above-listed address in Richmond County, New York.

2.     At all times hereinafter relevant, defendant GREAT WOLF LODGE OF THE POCONOS, LLC is a company, corporation, partnership or other business entity duly authorized to conduct business in the Commonwealth of Pennsylvania.

3.     At all times hereinafter relevant, defendant GREAT WOLF LODGE OF THE POCONOS, LLC has conducted business in the Commonwealth of Pennsylvania.

4.     At all times hereinafter relevant, defendant GREAT WOLF LODGE OF THE POCONOS, LLC has solicited business in the Commonwealth of Pennsylvania.

5.     At all times hereinafter relevant, defendant GREAT WOLF LODGE OF THE POCONOS, LLC owns real property in the Commonwealth of Pennsylvania.

6.     At all times hereinafter relevant, defendant GREAT WOLF LODGE OF THE POCONOS, LLC committed a tortious act within the Commonwealth of Pennsylvania.

7.     On or about June 16, 2018, there existed a premises located at One Great Wolf Drive, Scotrun, PA 18355 (the "Premises").

8.     On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC owned the Premises.

9.     On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC was the lessor the Premises.

10.     On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC was the lessee the Premises.

11.     On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC operated the Premises.

12.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC maintained the Premises.

13.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC managed the Premises.

14.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC controlled the Premises.

15.   On or about June 16, 2018, there existed a resort known as the "Great Wolf Lodge" located at One Great Wolf Drive, Scotrun, PA 18355 (the "Resort").

16.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC owned the Resort.

17.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC was the lessor of the Resort.

18.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC was the lessee of the Resort.

19.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC was the franchisor of the Resort.

20.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC was the franchisee of the Resort.

21.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC operated the Resort.

22.   On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC maintained the Resort.

23.    On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC managed the Resort.

24.    On or before June 16, 2018, defendant GREAT WOLF LODGE OF THE POCONOS, LLC controlled the Resort.

25.    On or before June 16, 2018, there existed a water park at the Resort.

26.    On or before June 16, 2018, at least one water ride included the use of tubes.

27.    On or before June 16, 2018, at least one waterslide included the use of tubes.

## COUNT I: NEGLIGENCE

28.    Plaintiff repeats and re-alleges all preceding paragraphs as if set forth here at length.

29.    On or about June 16, 2018, plaintiff A.S. was on the grounds of the Premises as a guest.

30.    On or about June 16, 2018, plaintiff FATMA SALEM was on the grounds of the Premises as a guest.

31.    On or about June 16, 2018 at approximately 1:00-2:00 pm, plaintiff A.S. was sitting and eating lunch and was struck by a falling tube from one of the waterslides.

32.    Plaintiff A.S. was caused to be injured due to the negligence of defendant.

33.    As a result of the incident hereinbefore described, plaintiff A.S. has suffered serious bodily injuries including, but not limited to:

   -   Dizziness;
   -   Sprain/strain of the cervical spine;

- Neck pain;
- Sprain/strain of the lumbar spine;
- Back pain;
- Pain and suffering due to said injuries;

34.  Plaintiff A.S. suffered bodily injuries, pain and suffering and the diminution of life's pleasures in the past, present and into the future.

35.  The injuries sustained by plaintiff A.S. are the direct result of the negligence of defendants as they:

a.  allowed a tube to fall from an elevated waterslide onto plaintiff;
b.  failed to assure that a tube could not fall from the elevated water slide;
c.  failed to provide safety nets or other safety devices to prevent a falling tube from striking plaintiff;
d.  failed to maintain a safe environment in the area where plaintiff was eating lunch; and
e.  failed to remediate and/or eliminate the dangerous condition existing at the Premises created by the hazard of a tube falling onto guests below.

36.  The incident described herein took place solely due to the negligence of the defendant and was not caused by the actions of plaintiff.

**WHEREFORE,** plaintiff A.S., a minor under the age of 18 years, by her mother and natural guardian, FATMA SALEM, demands judgment herein against defendant in a sum which exceeds the arbitration limit of $50,000.00, plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

John E. Lavelle, Esq.
PA Bar I.D.: 315154
Cellino & Barnes P.C.
600 Old Country Road, Suite 412
Garden City, New York 11530
(800) 888-8888 x535

## VERIFICATION

FATMA SALEM, the mother and natural guardian of minor plaintiff A.S., hereby deposes and states that he has read the foregoing Complaint and the statements made therein are true to the best of his knowledge, information and belief. I understand that the statements contained herein are subject to 18 PA.C.S. §4904, relating to unsworn falsifications to authorities.

FATMA SALEM